IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH W. HIGGINS, | ) | |
| | ) | |
| Petitioner, | ) | 8:17CV107 |
| | ) | |
| v. | ) | |
| | ) | |
| BURNS, Judge, DOUGLAS COUNTY DISTRICT COURT, and LANCASTER LINCOLN REGIONAL CENTER, | ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, a pretrial detainee, has filed a petition seeking release from custody under 28 U.S.C. § 2241(c)(1)(3).[1] Rule 1(b) of the Rules Governing § 2254 Cases in the United States District Courts allows me to apply Rule 4 of those rules to a § 2241 petition. I do so now, finding and concluding that it plainly appears from the petition and attached documents that he is not entitled to relief.

Petitioner complains that he has been held too long in the Lincoln Regional Center where is undergoing a court ordered mental health evaluation and thus he has

---

[1] For pretrial detainees, § 2241, rather than § 2254, is the correct statute under which to proceed. *Phillips v. Court of Common Pleas, Hamilton Cty., Ohio*, 668 F.3d 804, 808 (6th Cir. 2012) (District court, in determining the legal standards applicable to a habeas petition brought by a state pretrial detainee, should have evaluated petition under the statute generally granting habeas authority to federal courts, rather than the habeas statute specifically addressing those "in custody pursuant to the judgment of a State court"; while the detainee remained "in custody," his custody was not "pursuant to the judgment of a State court," but, rather, he was in custody pursuant to an indictment)

been denied a prompt preliminary hearing on the August 9, 2016 charges[2]. Yet he admits that he is scheduled for a preliminary hearing on May 5, 2017. He also asserts that race played a part in the delay of his preliminary hearing, but provides no facts to back up that assertion. Indeed, such an assertion appears to be frivolous as his public defender sought the evaluation. Furthermore, the delay between August 16, 2016, when the court granted the motion of the public defender, and May 5, 2017, the date of petitioner's preliminary hearing, is the result of an effort by Petitioner's public defender to determine whether Petitioner is competent to stand trial. From the face of the petition, that delay is not unduly long. Accordingly, the petition will be dismissed without prejudice.

Finally, Petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Fletcher is not entitled to a certificate of appealability.

IT IS ORDERED that the petition for writ of habeas corpus (filing no. 1) is dismissed without prejudice, no certificate of appealability will be granted, and a separate judgment will be issued.

DATED this 6th day of April, 2017.

                                    BY THE COURT:
                                    s/ *Richard G. Kopf*
                                    Senior United States District Judge

---

[2] Petitioner was charged with making terroristic threats against a female. That is a felony under Nebraska law.